**Electronically Filed
Supreme Court
SCAD-11-0000025
24-MAR-2011
02:35 PM**

SCAD-11-0000025

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

LEE T. MIKI, Respondent.

---

ORIGINAL PROCEEDING
(ODC 06-106-8446, 07-146-8606)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Acoba, Duffy and McKenna, JJ.)

Upon consideration of the Disciplinary Board's Report and Recommendation to suspend Respondent Lee T. Miki from the practice of law for 2 years, the Board's recommendation for conditions of reinstatement, and Respondent Miki's lack of response thereto, it appears that in the representation of two clients, Respondent Miki committed multiple violations of the following Hawai'i Rules of Professional Conduct:

| | |
|---|---|
| HRPC Rule 1.2(a) | A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs(c), (d) and (e), and shall consult with the client as to the means by which the objectives are to be pursued. |
| HRPC Rule 1.3 | A lawyer shall act with reasonable diligence and promptness in representing a client. |
| HRPC Rule 1.4(a) | A lawyer shall keep a client |

|  | reasonably informed about the status of a matter and promptly comply with reasonable requests for information. |
|---|---|
| HRPC Rule 1.4(b) | A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. |
| HRPC Rule 1.16(a) | Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation if:<br>(1) the representation will result in the violation of the Rules of Professional Conduct or other law. |
| HRPC Rule 1.16(d) | Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment that has not been earned. |
| HRPC Rule 3.2 | A lawyer shall make reasonable efforts to expedite litigation consistent with the legitimate interests of the client. |
| HRPC Rule 3.4(e) | A lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists. |
| HRPC Rule 8.4(a) | It is professional misconduct for a lawyer to violate the rules of professional conduct. |
| HRPC Rule 8.4(c) | It is professional misconduct for a |

lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

It further appears the recommended discipline and conditions are warranted under the stipulated facts, except that the recommendation to require participation in the Attorneys and Judges Assistance Program is not warranted pursuant to Rule 2.3 of the Rules of the Supreme Court of the State of Hawaiʻi. Therefore,

IT IS HEREBY ORDERED that Respondent Miki is suspended from the practice of law in this jurisdiction for 2 years, effective 30 days after entry of this order as provided by Rule 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that before Respondent Miki may apply for reinstatement, he must, in addition to all other standards for reinstatement set out in RSCH Rule 2.17(b):

1. pay and provide proof of payment of restitution in the amount of $1,481.20 to Arson Yoshikawa;

2. take and pass the Multi-State Professional Responsibility Examination; and

3. reimburse the Office of Disciplinary Counsel and the Disciplinary Board for any costs ordered in these proceedings.

DATED:  Honolulu, Hawaiʻi, March 24, 2011.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna